**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| COLE'S WILD BIRD PRODUCTS CO., | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. _____ |
| | § § | |
| D & D COMMODITIES LIMITED, | § § | |
| | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Cole's Wild Bird Products Co. ("Plaintiff" or "Cole's") states the

following for its Complaint against Defendant D & D Commodities Limited

("Defendant" or "D&D"):

## NATURE OF THE ACTION

1.      Cole's is a local, family-owned business that for more than 25 years

has offered a wide variety of high-quality bird feed, feeders, and accessories under

the COLE'S trademark.  For nearly a decade (since mid-2006), Cole's has offered

bird feed under the trademark NUTBERRY SUET BLEND®, which is registered

as a trademark with both the United States Patent and Trademark Office (the

1

"PTO") and the State of Georgia. Packaging for Cole's NUTBERRY SUET

BLEND prominently features the well-known COLE'S house mark, the "The

Better Wild Bird Feed" slogan mark, and a bright berry-color-framed label:



2.      Defendant is in the business of selling feed for birds and pets, which it

does under the house marks WILD DELIGHT, 3-D PET PRODUCTS, and

L'AVIAN PLUS.  One of Defendant's bird feed products, which includes nuts and

berries, is described on Defendant's packaging as being a "Nut N Berry" blend.

The packaging for Defendant's nut-and-berry blend prominently features the

WILD DELIGHT and 3-D PET PRODUCTS house marks and a blue or green

label:

2



3.     Despite the coexistence of the parties' products in the marketplace for nearly a decade, not one consumer has been confused by the parties' marks.  This is not surprising, given the differences in the appearance of the parties' packaging, target customers, pricing, and the like.

4.     In 2007, the PTO erroneously granted Defendant a trademark registration for the generic phrase "nut n' berry."  In 2013 – nearly seven years after Cole's began using its NUTBERRY SUET BLEND mark – Defendant sent a letter to Cole's alleging infringement of Defendant's purported rights in "nut n' berry" and demanding that Cole's cease use of its NUTBERRY SUET BLEND mark. More recently, Defendant initiated a proceeding in the Trademark Trial and Appeal Board seeking to cancel Cole's federal registration, and Defendant has renewed its demands that Cole's cease use of the NUTBERRY SUET BLEND

mark.

5.      Enough is enough. Wishing to be free from Defendant's repeated, aggressive, and unfounded threats, Cole's: (a) seeks a declaratory judgment that Cole's has not infringed, diluted, or competed unfairly with regard to any trademark rights Defendant claims to own; (b) petitions to cancel the U.S. trademark registration Defendant has asserted against Cole's; and (c) requests an injunction prohibiting Defendant from threatening to file suit, or from filing suit, against Cole's in connection with its trademark claims.

6.      Therefore, this is a civil action seeking declaratory, injunctive, and other relief, including attorneys' fees, costs, and expenses, against Defendant for baselessly alleging that Cole's is infringing Defendant's purported trademark rights in the ubiquitously used generic phrase "nut n' berry."

## **PARTIES**

7.      Plaintiff Cole's Wild Bird Products Co. is a Georgia corporation with a principal place of business in Kennesaw, Georgia.

8.      On information and belief, Defendant D&D Commodities Limited is a Minnesota corporation with its principal place of business in Stephen, Minnesota.

## JURISDICTION AND VENUE

9.     This action for declaratory relief arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), United States trademark laws (15 U.S.C. §§ 1051 *et seq.*), and related state law.

10.     The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1338(a), 1338(b) and 15 U.S.C. § 1121.

11.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business in this State, derives revenue from this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper. On information and belief, Defendant's bird seed products are available for purchase in numerous stores in Georgia, including at H. G. Hastings Company (in Atlanta, Georgia), North Fulton Feeds (in Alpharetta, Georgia), and Northside Fence & Garden (in Sugarhill, Georgia). True and correct copies of print-outs from the "Where to Buy" pages of Defendant's websites at www.wilddelight.com and www.3dpetproducts.com are attached collectively as **Exhibit 1**. On further information and belief, Georgia residents may order bird seed products, including those sold under Defendant's purported "nut n' berry" mark, online for pickup at retail stores in this District. A true and correct

copy of a print-out from www.Walmart.com showing that pick up of Defendant's product is available in Decatur, Georgia is attached as **Exhibit 2**.

12.     This Court has declaratory-judgment jurisdiction because, as described below, Defendant's repeated threats and demands that Cole's cease use of its trademark show that there is a concrete and substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims occurred here.

14.     Pursuant to LR 3.1(B)(2) and (3) of the U.S. District Court for the Northern District of Georgia, venue is proper in this Division because Cole's has its principal place of business in this Division, and because a substantial part of the events or omissions giving rise to the asserted claims occurred in this Division.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.     **Cole's and its NUTBERRY SUET BLEND Trademark**

15.     Founded in 1984, Cole's Wild Bird Products Co. is a family-owned and well-known Georgia company specializing in high-quality bird feed and related products. Cole's prominently features its stylized COLE'S house mark and

its slogan mark, "The Better Wild Bird Feed," on the packaging of all of its bird feed products. The COLE'S house mark is the dominant text on each package, with its bold black lettering in larger size font than the other text.  Cole's has registered the combined house and slogan mark, shown below, with the PTO. A true and correct copy of Cole's U.S. Registration No. 4,494,326 for the COLE'S THE BETTER WILD BIRD FEED & Design mark is attached as **Exhibit 3**.



16.    In July 2006, Cole's first began manufacturing and selling bird feed containing nuts, berries, and suet under the NUTBERRY SUET BLEND trademark in Georgia and across the country through specialty birding and nature, pet, hardware and gardening stores and associated distributors and online retailers.

17.    Cole's has enjoyed great success and substantial sales with its NUTBERRY SUET BLEND product over the past nine-and-a-half years, and has developed a loyal customer base which has come to trust Cole's for its high-quality bird feed.

18.    In nearly a decade since Cole's began selling its NUTBERRY SUET BLEND bird feed, Cole's has expended substantial resources promoting and

protecting its NUTBERRY SUET BLEND mark as a trademark that symbolizes the quality and goodwill of Cole's bird feed, and the mark has become well-known among consumers in the bird feed specialty market. A true and correct copy of a page from Cole's website describing its NUTBERRY SUET BLEND bird feed is attached as **Exhibit 4**.

19.    On November 30, 2006, Cole's registered its NUTBERRY SUET BLEND trademark in connection with wild bird feed in the State of Georgia. A true and correct copy of Cole's Georgia Registration No. T-23149 for the NUTBERRY SUET BLEND mark is attached as **Exhibit 5**.

20.    On March 11, 2014, Cole's federally registered its NUTBERRY SUET BLEND trademark in connection with bird food and bird seed, claiming a July 2006 date of first use in interstate commerce. A true and correct copy of Cole's U.S. Registration No. 4,494,319 for the NUTBERRY SUET BLEND mark is attached as **Exhibit 6**.

21.    In granting Cole's its registration for the NUTBERRY SUET BLEND mark, the PTO did not identify any confusingly similar marks on the principal register. After the PTO approved the mark and published it for opposition, no individual or company (including Defendant) filed an opposition to registration of the mark.

8

22.    The purchasers of Cole's NUTBERRY SUET BLEND products are specialty birding and nature, pet, hardware and gardening stores and associated distributors and online retailers that purchase Cole's high-end, specialty bird feed.

23.    Cole's consistently uses its NUTBERRY SUET BLEND mark in close proximity to its house mark, COLE'S, and its slogan mark "The Better Wild Bird Feed," thus ensuring that consumers identify its NUTBERRY SUET BLEND products exclusively with Cole's.

24.    Specialty birding and nature, pet, hardware and gardening stores and associated distributors and online retailers who purchase and/or distribute the products are familiar with Cole's NUTBERRY SUET BLEND mark and the quality of the products displaying the mark, and they associate the mark with bird feed produced, marketed, and distributed by Cole's.

**B.    Defendant and its Use of the Generic Phrase "nut n' berry"**

25.    Defendant is a manufacturer of products for small animals, caged and wild birds, and other wildlife under various brands, including Wild Delight and 3-D Pet Products.

26.    On information and belief, Defendant adopted use of the phrase "nut n' berry" in connection with its nut-and-berry bird feed blend in or around 1998. Defendant currently uses the term "nut n' berry" to describe bird feed containing

nuts and berries offered for sale under its Wild Delight and 3D Pet Products house marks. True and correct copies of pages from Defendant's websites showing use of the phrase "nut n' berry" with its products are attached as **Exhibit 7**.

27.    On February 1, 2000, Defendant registered the phrase "nut n' berry" on the PTO's Supplemental Register. A true and correct copy of Defendant's Supplemental Registration No. 2,315,063 is attached as **Exhibit 8**.

28.    On July 10, 2007, the PTO erroneously granted Defendant a registration on the Principal Register for its purported "nut n' berry" trademark in connection with "food for birds". A true and correct copy of Defendant's U.S. Registration No. 3,260,776 is attached as **Exhibit 9**.

29.    Defendant consistently uses the phrase "nut n' berry" in close proximity to its house marks WILD DELIGHT and 3-D PET PRODUCTS.

30.    On information and belief, Defendant sells to and distributes its product in connection with the term "nut n' berry" in various stores, with a substantial portion of its sales made through mass merchandising stores and big-box retailers such as Walmart.

31.    On information and belief, the combination of the terms "nut" and "berry," and their plurals, is used by consumers, third-party competitors, industry

participants, and the media to refer generically to food products, including bird feed, made from nuts and berries.

32.     The phrase combining the terms "nut" and "berry" (and their plurals) was generic *ab initio* and incapable of trademark protection at the time Defendant purportedly adopted that phrase as a trademark for bird feed containing nuts and berries. To the extent that the phrase combining the terms "nut" and "berry" (and their plurals) was not generic *ab initio*, it has lost any distinctiveness it might have had and has become generic. As such, Defendant's purported mark is not entitled to protection as a trademark and should not be registered with the U.S. Patent and Trademark Office or any State's trademark office.

33.     On information and belief, during the parties' coexistence for nearly a decade, there has not been a single instance of consumer confusion resulting from Cole's use of its NUTBERRY SUET BLEND mark and D&D's use of the term "nut n' berry" on their respective goods.

34.     Cole's is not aware of any consumer or customer who mistakenly believed that Cole's NUTBERRY SUET BLEND bird feed was put out by or with the authorization, sponsorship, or approval of Defendant.

35.     Despite repeated requests, Defendant has never identified to Cole's a single consumer or customer who mistakenly believed that Cole's NUTBERRY

SUET BLEND bird feed was put out by or with the authorization, sponsorship, or approval of Defendant.

36.    As illustrated by the images below, Cole's NUTBERRY SUET BLEND mark as displayed on Cole's packaging is drastically different from the manner in which Defendant uses "nut n' berry" on its packaging:

  

Additionally, Cole's packaging stands out among other bird feed packaging on the market in that it contains only one label on an otherwise transparent bag, while Defendant's packaging, like many others in the industry, uses multiple wide-spread graphics printed on both the front and back of the bag, which more fully obscure the product.

37.    Because of Cole's widespread use of the NUTBERRY SUET BLEND mark in connection with bird feed sold to bird food distributors since July 2006, Defendant knew or should have known of Cole's use of the NUTBERRY SUET BLEND mark well prior to its first objection to Cole's on February 28, 2013.

38.     Defendant's delay in objecting to Cole's use of the NUTBERRY SUET BLEND mark was and has been unreasonable.  Cole's has suffered and will suffer evidentiary and expectation prejudice if it were required to defend its use of or cease its use of the NUTBERRY SUET BLEND mark at this late date.

39.     The lack of any actual confusion between the parties' marks after nearly a decade of coexistence makes future confusion unlikely. Confusion also is unlikely because, among other things, Defendant's purported mark "nut n' berry" is extraordinarily weak (if not generic) and there are significant differences in the parties' marks, labels, house marks, products, customers, and pricing, among other things.

40.     Similarly, Cole's use of the NUTBERRY SUET BLEND mark cannot and does not cause a likelihood of dilution of Defendant's purported mark "nut n' berry" because, among other things, that purported mark is not famous or distinctive and consumers are unlikely to associate the NUTBERRY SUET BLEND mark with Defendant.

**C.     Defendant's Threats Concerning the NUTBERRY SUET BLEND mark**

41.     Notwithstanding the significant differences in the marks, the long period of coexistence between the parties' marks, and the genericness of the term "nut n' berry," Defendant sent a letter to Cole's on February 28, 2013, claiming

13

that Cole's use of the NUTBERRY SUET BLEND marks infringes Defendant's trademark rights. A true and correct copy of this letter is attached as **Exhibit 10**. The letter demands that Cole's abandon the NUTBERRY SUET BLEND mark, which Cole's has used since at least as early as July 2006, and discontinue use of all spelling variations of the term "Nut & Berry."

42.     Prior to February 28, 2013, Defendant had never objected to Cole's use of the NUTBERRY SUET BLEND mark.

43.     Between February 28, 2013 and July 2013, the parties communicated concerning the dispute. In July 2013, Defendant's counsel and Cole's counsel spoke on the phone regarding this dispute. After that phone call, Defendant did not contact Cole's again for more than a year. During the fourteen months in which Defendant did not contact Cole's, Cole's reasonably understood that Defendant had withdrawn its objection to, and had consented to, Cole's use of the NUTBERRY SUET BLEND mark.

44.     Defendant sent a letter to Cole's on September 23, 2014, reasserting its claim that Cole's use of the NUTBERRY SUET BLEND mark infringes Defendant's trademark rights. A true and correct copy of this letter is attached as **Exhibit 11**.  The letter demands that Cole's modify its trademark to omit the terms "nut" and "berry," and their plurals. The letter indicated that if Cole's did not cease

using its NUTBERRY SUET BLEND mark, "D & D [was] prepared to take such action as [was] necessary to protect its trademark rights."

45.   Following the September 23, 2014 letter, Defendant indicated in the course of the parties' communications, among other things, that it would "continue to take such steps as are necessary to protect its trademark" (**Exhibit 12**) and that Cole's should respond to its demands "[t]o avoid further action on this matter." (**Exhibit 13**).

46.   During the course of the parties' communications, Cole's repeatedly has explained that it will not cease use of its NUTBERRY SUET BLEND mark because the term "nut n' berry" is generic for nut-and-berry blends, there is no likelihood of confusion, and Defendant unreasonably delayed in raising this objection.

47.   On March 31, 2015, before the Trademark Trial and Appeal Board, Defendant filed Cancellation Action No. 92061188 against Cole's U.S. Registration No. 4,494,319 for the NUTBERRY SUET BLEND mark, alleging a likelihood of confusion and fraud on the U.S. Patent and Trademark Office. A true and correct copy of this Petition for Cancellation is attached as **Exhibit 14.**

48.   On May 7, 2015, before the Trademark Trial and Appeal Board, Cole's filed Cancellation Action No. 92061479 against Defendant's U.S.

15

Registration No. 3,260,776 for NUT N' BERRY, alleging genericness and abandonment. A true and correct copy of this Petition for Cancellation is attached as **Exhibit 15**.

49.    On October 9, 2015, the Trademark Trial and Appeal Board consolidated the these two actions under Parent Cancellation Action No. 92061188.  A true and correct copy of the Board's order is attached as **Exhibit 16**.

50.    Since filing its cancellation action, Defendant has repeatedly alleged that Cole's NUTBERRY SUET BLEND mark infringes Defendant's trademark rights and has demanded that Cole's cease (or limit) use of its mark, creating a real and immediate controversy over Cole's ongoing use and registration of the NUTBERRY SUET BLEND mark.

51.    A concrete and substantial controversy exists between Cole's and Defendant as to whether Defendant owns any protectable rights in the phrase "nut n' berry" and, if so, whether Cole's use of its NUTBERRY SUET BLEND mark infringed, diluted, or competed unfairly with such rights. The parties' legal interests are adverse to one another on these issues.

**<u>FIRST CAUSE OF ACTION</u>**
**(Cancelation Of Trademark Registration No. 3,260,776)**

52.    Cole's repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

16

53.     This Court may "order the cancelation of registrations, in whole or in part" pursuant to 15 U.S.C. § 1119.

54.     U.S. Trademark Registration No. 3,260,776 for the purported mark "NUT N' BERRY" in connection with "Food for birds" is invalid and unenforceable because "nut n' berry" is the generic name for the goods identified in the registration.

55.     Cole's has been and continues to be injured by the existence of U.S. Registration No. 3,260,776 and Defendant's claim of exclusive rights in the purported mark "NUT N' BERRY" in connection with bird food.

56.     Neither the consumers of these goods nor the general public associates the phrase "nut n' berry" with Defendant or any single person or entity. Defendant thus cannot establish that the phrase is used as, or is understood by the public to be, a trademark.

57.     For all of the foregoing reasons, Registration No. 3,260,776 should be cancelled.

## SECOND CAUSE OF ACTION
### (Declaration Of No Infringement)

58.     Cole's repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

59.     An actual and justiciable controversy exists between Cole's and

17

Defendant with respect to Cole's use and registration of its mark NUTBERRY SUET BLEND.

60.     Defendant has alleged that it owns protectable rights in the purported mark "NUT N' BERRY."

61.     Cole's denies that it has infringed or in any way violated or that it continues to infringe or in any way violate any of Defendant's purported rights in the term "nut n' berry."

62.     No likelihood of confusion exists or ever existed with respect to Cole's use of its NUTBERRY SUET BLEND mark.

63.     Cole's is not aware—and, on information and belief, Defendant is not aware—of any actual confusion that has resulted from Cole's use of its NUTBERRY SUET BLEND mark.

64.     Further, the purported mark "NUT N' BERRY" is not protectable because it is generic for the goods offered by Defendant under the purported mark.

65.     Additionally, any claim by Defendant regarding Cole's use and ownership of the NUTBERRY SUET BLEND mark is barred by the equitable doctrine of laches because Defendant knew of Cole's use and ownership of the mark; Defendant's delay in taking action regarding Cole's use and ownership of the mark is inexcusable and unreasonable; and Cole's would be unduly prejudiced

18

if Defendant is allowed to limit Cole's use of the mark.

66.     An actual, immediate, and justiciable controversy between the parties exists over whether the term "nut n' berry" is generic and, if not, whether Cole's is infringing or otherwise violating Defendant's rights in the purported mark NUT N' BERRY.

67.     Cole's has been and will continue to be damaged by the persistent uncertainties created by Defendant with respect to Cole's legitimate use of its NUTBERRY SUET BLEND mark.

68.     Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 *et seq.*, Cole's requests that this Court declare that (1) Cole's use of its NUTBERRY SUET BLEND mark has not infringed or competed unfairly with, any rights owned by Defendant under Federal or State law, and (2) Defendant cannot and does not have any protectable trademark rights in the term "nut n' berry."

## THIRD CAUSE OF ACTION
### (Declaration Of No Dilution)

69.     Cole's repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.     An actual and justiciable controversy exists between Cole's and Defendant with respect to Cole's use and registration of its mark NUTBERRY

19

SUET BLEND.

71.    Defendant has alleged that it owns protectable rights in the purported

mark "NUT N' BERRY."

72.    Cole's denies that it has diluted or in any way violated or that it

continues to dilute or in any way violate any of Defendant's purported rights in the

term "nut n' berry."

73.    No likelihood of dilution exists or ever existed with respect to Cole's

use of its NUTBERRY SUET BLEND mark.

74.    Further, the purported mark "NUT N' BERRY" is not protectable

because it is generic for the goods offered by Defendant under the purported mark.

75.    Additionally, any claim by Defendant regarding Cole's use and

ownership of the NUTBERRY SUET BLEND mark is barred by the equitable

doctrine of laches because Defendant knew of Cole's use and ownership of the

mark; Defendant's delay in taking action regarding Cole's use and ownership of

the mark is inexcusable and unreasonable; and Cole's would be unduly prejudiced

if Defendant is allowed to limit Cole's use of the mark.

76.    An actual, immediate, and justiciable controversy between the parties

exists over whether the term "nut n' berry" is generic and, if not, whether Cole's is

diluting or otherwise violating Defendant's rights in the purported mark NUT N'

20

BERRY.

77.     Cole's has been and will continue to be damaged by the persistent

uncertainties created by Defendant with respect to Cole's legitimate use of its

NUTBERRY SUET BLEND mark.

78.     Accordingly, pursuant to the Federal Declaratory Judgment Act, 28

U.S.C.§§ 2201 *et seq.*, Cole's requests that this Court declare that (1) Cole's use of

its NUTBERRY SUET BLEND mark has not diluted any rights owned by

Defendant under Federal or State law, and (2) Defendant cannot and does not have

any protectable trademark rights in the term "nut n' berry."

### FOURTH CAUSE OF ACTION
**(Declaration Of No Unfair Competition)**

79.     Cole's repeats and incorporates by reference the allegations contained

in the foregoing paragraphs as if fully set forth herein.

80.     An actual and justiciable controversy exists between Cole's and

Defendant with respect to Cole's use and registration of its mark NUTBERRY

SUET BLEND.

81.     Defendant has alleged that it owns protectable rights in the purported

mark "NUT N' BERRY."

82.     Cole's denies that it has competed unfairly with Defendant or that it

continues to compete unfairly with Defendant or Defendant's purported rights in

the term "nut n' berry."

83.     No likelihood of confusion exists or ever existed with respect to Cole's use of its NUTBERRY SUET BLEND mark.

84.     Cole's is not aware—and, on information and belief, Defendant is not aware—of any actual confusion that has resulted from Cole's use of its NUTBERRY SUET BLEND mark.

85.     Further, the purported mark "NUT N' BERRY" is not protectable because it is generic for the goods offered by Defendant under the purported mark.

86.     Additionally, any claim by Defendant regarding Cole's use and ownership of the NUTBERRY SUET BLEND mark is barred by the equitable doctrine of laches because Defendant knew of Cole's use and ownership of the mark; Defendant's delay in taking action regarding Cole's use and ownership of the mark is inexcusable and unreasonable; and Cole's would be unduly prejudiced if Defendant is allowed to limit Cole's use of the mark.

87.     An actual, immediate, and justiciable controversy between the parties exists over whether the term "nut n' berry" is generic and, if not, whether Cole's is unfairly competing with Defendant or Defendant's rights in the purported mark NUT N' BERRY.

88.     Cole's has been and will continue to be damaged by the persistent

uncertainties created by Defendant with respect to Cole's legitimate use of its NUTBERRY SUET BLEND mark.

89.    Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 *et seq.*, Cole's requests that this Court declare that (1) Cole's use of its NUTBERRY SUET BLEND mark has not competed unfairly with any rights owned by Defendant under Federal or State law, and (2) Defendant cannot and does not have any protectable trademark rights in the term "nut n' berry."

## PRAYER FOR RELIEF

WHEREFORE, Cole's prays for the following relief:

A.    An order canceling U.S. Trademark Registration No. 3,260,776 in its entirety;

B.    An order declaring that

1.    Cole's use of its NUTBERRY SUET BLEND does not infringe any purported trademark rights held by Defendant, has not diluted any purported trademark rights owned by Defendant, and has not in any other way acted deceptively or competed unfairly with Defendant or its interests; and

2.    The phrase "nut n' berry" is generic for nut-and-berry blends of bird feed and thus is not a valid or registrable trademark;

C.    A permanent injunction enjoining Defendant, its officers, agents,

23

distributors, and employees from interfering in any manner with Cole's use of its NUTBERRY SUET BLEND mark in relation to Cole's products;

D.     An award to Cole's of the costs of this action and Cole's reasonable attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117; and

E.     Such other and further relief to which Cole's may be entitled.

Dated: December 14, 2015                 Respectfully submitted,

/s/ R. Charles Henn Jr.
R. Charles Henn Jr.
Ga. Bar No. 347098
Jessica A. Pratt
Ga. Bar. No. 133052
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: CHenn@KilpatrickTownsend.com
        JAPratt@ KilpatrickTownsend.com

Attorneys for Plaintiffs

24

## **Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1, I hereby certify that this Complaint has been prepared in Times New Roman 14 point font.


/s/ R. Charles Henn Jr.
Attorney for Plaintiff